IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOHNNY M. BUSH, JR., on behalf of Himself and the class he seeks to represent<br><br>Plaintiff,<br><br>v.<br><br>HONDA DEVELOPMENT & MANUFACTURING OF AMERICA, LLC,<br><br>Defendant. | CASE NO. 2:24-cv-04114<br><br>JUDGE DOUGLAS R. COLE<br><br>MAGISTRATE JUDGE ELIZABETH PRESTON DEAVERS<br><br>**DEFENDANT'S SUPPLEMENTAL BRIEFING IN SUPPORT OF ITS MOTION TO TRANSFER VENUE** |

COMES NOW Defendant Honda Development & Manufacturing of America, LLC ("Defendant" or "HDMA") and submits this supplemental briefing as requested by the Court in support of its motion to transfer venue of this action:

## I. INTRODUCTION

On December 17, 2024, HDMA filed its motion to transfer venue of this action to the Eastern Division of the United States District Court for the Northern District of Alabama. (ECF No. 17). Plaintiff Johnny Bush filed a response in opposition to the motion (ECF No. 25) and HDMA filed a reply (ECF No. 28). On May 6, 2025, this Court ordered supplemental briefing on whether venue is proper in the Northern District of Alabama under the special venue provision applicable to claims brought under Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. § 2000e-5(f)(3) (ECF No. 29). Pursuant to the Court's order, HDMA respectfully submits this supplemental brief.

HDMA appreciates the opportunity to supplement its briefing for its Motion to Transfer and apologizes to the Court for its failure to address the threshold issue. It is, of course, necessary

for the Court to make an affirmative determination that venue is proper in the transferee court before it is appropriate to transfer a case to that court. The parties incorrectly skipped that step to argue the more convenient venue for this matter since venue is proper in multiple judicial districts.

Plaintiff states in his response brief that venue is proper in both the Northern District of Alabama <u>and</u> the Southern District of Ohio, and HDMA agrees. Based on the facts alleged in the Complaint, new facts presented below and in a supplemental declaration, and the facts submitted with HDMA's motion to transfer, venue is proper in the Northern District of Alabama for multiple reasons. Bush *could have* filed his case in either court under Title VII, but the most *appropriate* court for this case is the Northern District of Alabama.

## II.  RELEVANT FACTS

1. Bush resides in the Northern District of Alabama. (ECF No. 17, PageID 2, ¶¶2, 6).

2. Bush works at HDMA's Alabama facility, which is located in Lincoln, Alabama, within the Northern District of Alabama. (ECF No. 17, PageID 5, ¶18).

3. Bush filed his EEOC charge in the Birmingham, Alabama District Office. (ECF No. 17-1, PageID 103-111).

4. Bush's Complaint alleges he missed five Unit Lead promotions since 2021 because of his race. (ECF No. 1, PageID 6-7, ¶25).

5. If Bush had received four of the five promotions challenged, he would have continued to work at HDMA's Alabama facility; four people who received the promotions Bush sought continued to work in Alabama.  (Harris Decl. ¶ 4-8).[1]

---

[1] HDMA contemporaneously submits the Declaration of Robb Harris attached as Ex. A as an evidentiary submission to support this supplemental brief.

6. For the fifth promotion challenged, the person selected continued to work in the same location (Ohio) as prior to the promotion. If Bush had been eligible and considered for the position, it is possible that Bush would have continued to work at HDMA's Alabama facility. (Harris Decl. ¶ 9-10).

7. Bush also alleges he received a racially discriminatory performance evaluation (ECF No. 1 at ¶¶40, 48, 51), and HDMA intentionally misclassified him as a "Staff Administrator" because of his race, which caused a lower pay rate. (*Id*. at ¶15).

8. If Bush had not been subject to the alleged discriminatory evaluation and classification, he would have continued to work at HDMA's Alabama facility. (Harris Decl. ¶¶ 11-12).

9. HDMA retains all physical documents that pertain to Bush's employment at HDMA's Alabama facility. (Harris Decl. ¶¶ 16, 18). Bush's physical employment records are relevant to his promotion, classification, and evaluation claims. (*Id.* at ¶ 18.)

10. HDMA retains electronic records that pertain to Bush's employment in remote servers that are not located in Alabama nor Ohio, but these records are immediately accessible from any location with server access, which would include HDMA's Alabama facility. (Harris Decl. ¶ 19).

### III.  TITLE VII VENUE PROVISION

Title VII has a specific venue provision, 42 U.S.C. § 2000e-5(f)(3), which governs actions brought under that statute. Under § 2000e-5(f)(3), venue in a Title VII action is proper in any one of four possible judicial districts: (1) any judicial district in which the unlawful employment practice is alleged to have been committed; (2) in the judicial district in which the employment records relevant to such practice are maintained and administered; (3) in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice;

3

or (4) if the respondent is not found within any district under the first three scenarios, within the judicial district in which the respondent has his principal office.

A party need only establish one of the four Title VII venue requirements in the judicial district to satisfy venue. *See Blue v. BNSF Ry. Co.*, No. 1:22-cv-45, 2024 WL 4277812 (S.D. Ohio Sep. 24, 2024). If a lawsuit has multiple Title VII claims and venue is proper for at least one but not all claims arising under Title VII, the district court can exercise its sound discretion and apply pendent venue to the other Title VII claims. *See Noisette v. Geithner*, 693 F. Supp. 2d 60, 64 (D.D.C. 2010) (applying pendent venue to additional Title VII claims where each count reflected "essentially one wrong"). "To hold otherwise would effectively bar the use of pendent venue in Title VII cases." *Jackson v. MCI Telecomms. Corp.*, No. 92-2503-GTV, 1993 WL 408332 at *2 (D. Kan. Sep. 29, 1993); *see id.* ("[P]endent venue is appropriate … where the claims derive their grant of venue from the same statute."). When courts exercise pendent venue, they consider judicial economy, convenience, avoidance of piecemeal litigation, and fairness. *Taylor v. CSX Transp., Inc.*, No. 3:05 CV 7383, 2006 WL 2550021, at *5 (N.D. Ohio Aug. 31, 2006).

Here, the clearest and most indisputable basis to establish venue is proper in the Northern District of Alabama is under prong three of § 2000e-5(f)(3). Bush would have worked in the Northern District of Alabama but for the alleged unlawful employment practices. Thus, HDMA addresses prong three first. But venue is also proper in the Northern District of Alabama under prongs one and two of § 2000e-5(f)(3) because Bush felt the unlawful employment practices in the Northern District of Alabama and because the relevant employment records are maintained and administered in the Northern District of Alabama.

## IV. ARGUMENT

### A. Bush "Would Have Worked" in the Northern District of Alabama.

Under the third prong of § 2000e-5(f)(3), venue is proper in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice. Here, the undisputed evidence establishes Bush would have worked (or continued to work) in the Northern District of Alabama but for the alleged unlawful employment practices. Specifically, Bush would have continued to work in the Northern District of Alabama if he had received four of the five promotions he challenges. If HDMA considered or selected Bush for the fifth promotion he challenges, it is possible that Bush would have continued to work in Alabama.[2] The person who received the position continued to work in the same location as before, and it is possible Bush would have too. Finally, Bush would have continued to work in the Northern District of Alabama had HDMA not allegedly discriminated against him with regard to his classification and evaluation.

Alternatively, even if Bush argues venue in the Northern District of Alabama is not proper for the fifth promotion claim, though no factual basis for the assertion exists, the Court may also exercise its sound discretion and apply pendent venue over this claim. As noted above, the elements necessary for the exercise of pendent venue are plainly present here. Common sense dictates that Bush would expect he could litigate this lawsuit in Alabama because, even if it wanted to, HDMA cannot dispute venue is proper in the Northern District of Alabama for six of the seven allegations. Bush's theories all arise from the same common nucleus of facts (historical

---

[2] If Bush contends HDMA would have transferred him to Ohio if he had been selected for the fifth promotion because the person selected works there, that is baseless speculation, unsupported by *any* evidence, and inconsistent with how HDMA treated every promotion his lawsuit challenges (*i.e.*, in every challenged promotion the person selected remained in his current work location).

5

discrimination, failure to post openings, past discrimination that affected eligibility for promotions, discriminatory evaluation that interfered with promotion opportunities, discouragement from applying for promotions, *etc*.). If the court severed one of these seven claims, it would result in highly inefficient piecemeal litigation, particularly where, as here, Bush inextricably linked his promotion claims to each other. *Noisette*, 693 F. Supp. 2d at 65 (applying pendent venue because the different claims involved the same parties and were subject to common facts subject to common evidence); *see also Taylor*, 2006 WL 2550021, at *5 (applying pendent venue when the allegations arose out of the same core of operative facts).

Bush's Complaint and prior declaration do not meaningfully address or dispute that he "would have worked" in the Northern District of Alabama but for the alleged discrimination. At best, he offers – by way of threadbare argument only – Ohio is a place he "could have worked but for the discriminatory behavior." (ECF No. 25, PageID 200). This unsupported assertion that he *could* have worked in Ohio certainly does not establish he *would* have worked in Ohio. And, his speculation and conjecture, without explanation or context, about where he *could* have worked does not refute HDMA's non-speculative evidence he *would* have worked in Alabama for six of the seven allegations and potentially would have continued working in Alabama for the seventh. Bush made his assertions for transfer purposes, of course, and not to establish venue, but to determine whether venue is *proper* in the Northern District of Alabama is much simpler. Bush does not refute – and cannot refute – he also could have continued to work in the same location (Alabama) since *every person* who received the promotions continued to work in the same location.

Thus, and quite simply, at the time Bush claims to have experienced the unlawful actions, he worked for HDMA in the Northern District of Alabama and but for the alleged unlawful

6

employment practices, he would have continued to work for HDMA in the Northern District of Alabama. Further, even if venue in the Northern District of Alabama is not proper for the fifth challenged promotion, pendent venue is appropriate.[3] Accordingly, venue in the Northern District of Alabama is established under the third prong of § 2000e-5(f)(3). *Watts v. SMP Auto.*, Nos. 2:19-00907-00909, 2020 WL 1433744 (S.D. Ala. Mar. 24, 2020) (transferring venue to the Northern District of Alabama, in part, because plaintiff would have worked in that district but for the alleged discrimination); *see also Spencer v. Rumsfeld*, 209 F. Supp. 2d 15, 18 (D.D.C. 2002) (transferring venue to Eastern District of Virginia where, even if plaintiff had been promoted, he would have remained in Virginia); *King v. Wormuth*, No. 1:22-cv-00612-JB-LF, 2023 WL 3853813, at *3 (D.N.M. May 24, 2023) (transferring venue to Western District of Washington because "that is where he would have worked, at least initially, had he been promoted"); *R. & R. adopted*, 2023 WL 4248188 (D.N.M. June 29, 2023); *Laber v. Austin*, No. 4:21-cv-01323-MTS, 2022 WL 225615, at *2 (E.D. Mo. Jan. 26, 2022) (granting defendant's motion to transfer to the venue in which plaintiff would have worked had he received a promotion).

    **A.**    **In the Alternative, Venue is Proper Because Bush Felt the Unlawful Employment Actions and HDMA Maintains and Administers Relevant Employment Records in the Northern District of Alabama.**

As set forth above, venue in the Northern District of Alabama is proper under the third prong of § 2000e-5(f)(3). Venue is also proper under the first prong and second prong of § 2000e-5(f)(3). Specifically, Bush felt the unlawful employment practices, and the relevant employment records are maintained and administered, in the Northern District of Alabama.

---

[3] If, for example, Bush originally filed this lawsuit in the Northern District of Alabama, it is difficult to imagine a court would even entertain a motion to dismiss from HDMA based on improper venue, or even a motion to sever, on these facts.

Under the first prong, venue is proper in the judicial district "in which the unlawful employment practice is alleged to have been committed." 42 U.S.C. § 2000e-5(f)(3). In Title VII promotion cases, courts[4] have held that the "location where the unlawful employment practice was committed" includes the place where the employer made the discriminatory decision and where the employee felt its effects. *See Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 504 (9th Cir. 2000); *Berry v. Potter*, No. 04-2922, 2006 WL 335841, at *3 (D. Ariz. Feb. 10, 2006); *see also, Wiley v. Paulson*, No. 06-CV-172 (DGT), 2007 WL 9718901, at *3 (E.D.N.Y. July 23, 2007) ("Typically, the employee sues in a district in the state in which she had worked, and the employer moves to change venue to a district in the state in which employment decisions were made. In such situations, courts have generally refused to transfer venue, holding that venue

---

[4] The Sixth Circuit has not analyzed whether the Title VII venue analysis in a promotion case looks to where the employer made the discriminatory decision, where the employee felt its effects, or both. This Court correctly noted that some district courts in the Sixth Circuit in unpublished decisions have looked to where the employer made the discriminatory decision. (ECF No. 29, PageID 261). However, those cases were not promotion cases and merely follow the *Whipstock* decision without analysis, and the *Whipstock* court explicitly distinguished itself from *Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493 (9th Cir. 2000).

In *Whipstock*, the plaintiff had never worked for the defendant and sought venue in his home state (where defendant did not do business), and the court found, under prong three of § 2000e-5(f)(3), the analysis should focus on where the refusal to hire decision was made. *Whipstock v. Raytheon Co.*, No. 07-11137, 2007 WL 2318745, at *4 (E.D. Mich. Aug. 10, 2007). The court stated *Passatino* dealt with a failure to promote claim, and *Passantino* "has never been applied in a case where the plaintiff is not already an employee of the defendant." *Id.* The Court further explained, "*Passantino* held that plaintiffs unlawfully denied a promotion, like those discharged, feel the effects of their injury where they actually work. Here, however, Whipstock did not work in Michigan. If he had received the job, he would have been required to move to Pennsylvania to work." *Id.;* s*ee e.g.*, *Meng Huang v. Ohio State Univ.*, No. 18-12727, 2019 WL 2120968, at *3-4 (E.D. Mich. May 14, 2019) (citing to *Whipstock* without discussion or analysis, analyzing a claim for sexual harassment and unwanted touching); *Anthony v. United Airlines, Inc.*, No. 2:23-cv-12860, 2024 WL 1334308, at *2 (E.D. Mich. Mar. 27, 2024) (citing to *Huang* without discussion or analysis, analyzing retaliation).

8

is proper in the place where the effects of employment decisions were felt, thereby giving effect to plaintiffs' choice of venue.").

Courts have reasoned that in promotion cases, like a discharge case, employees feel the effects where they actually work, and it would be counterintuitive, and potentially prejudicial, to require a plaintiff "to pursue litigation in each venue that she attempted to attain a promotion." *Tamashiro v. Harvey*, 487 F. Supp. 2d 1162, 1167 (D. Haw. 2006). Further, in a failure to promote case, it is reasonable to require a plaintiff to litigate in a home forum, because the individual already has a long-term relationship with that forum. *Tobien v. Nationwide Gen. Ins. Co.*, 133 F.4th 613, 622–23 (6th Cir. 2025) ("Venue rules exist primarily 'to protect the *defendant* against the risk that a plaintiff will select an unfair or inconvenient place of trial.'" (quoting *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 63 n.7 (2013))).

Here, Bush is a long-term HDMA employee, and Bush's primary work location is Alabama. Bush has an established and protracted relationship with HDMA in the Northern District of Alabama. It is undisputed Bush felt the effects from every alleged discriminatory action in Alabama. In fact, Bush must agree, as he made a choice to pursue his Charge of Discrimination with the EEOC's Birmingham Office, which is within the judicial district for the Northern District of Alabama. Thus, for the sole reason that Bush felt the effects from HDMA's promotion decisions in Alabama, venue in the Northern District of Alabama is proper under the first prong.

Further, under the third prong of § 2000e-5(f)(3), venue is proper in the judicial district "in which the employment records relevant to such practice are maintained and administered." Here, HDMA maintains and administers relevant employment records for Bush's promotion, classification, and evaluation claims in the Northern District of Alabama. *See Martin v. Pratt Recycling, Inc.*, No. 1:19-cv-13, 2019 WL 13293533 (W.D. Mich. May 21, 2019) (considering

"personnel file and employment records"); *see also Moore v. Baker*, No. 2:18-cv-6-MHT-DAB, 2018 WL 3421601, at *4 (M.D. Ala. Jun. 18, 2018) (recommending transfer where "employment and compensation records related to Plaintiff and her alleged comparator" were located in another district), *R. & R. adopted*, 2018 WL 3420802 (M.D. Ala. July 13, 2018).

As the Court noted (ECF No. 29, PageID 260), some courts consider the location where electronic records are maintained. While not all courts undertake this analysis, HDMA maintains electronic records with servers in various locations throughout the country (as do, presumably, many large employers). The Court should accord small weight to the commonplace practice of *storing electronic records* (which are almost immediately accessible from *any* judicial district), particularly where the employer maintains and administers relevant *physical records* in the Northern District of Alabama. *Savage v. Burrell*, No. 14-7709 FMO, 2015 WL 13891407, at *3 (C.D. Cal. May 27, 2015) (finding whether the records can be faxed or sent by electronic means does not preclude finding the location of the files weighs in favor of transfer); *Rosemond v. United Airlines, Inc.*, No. H-13-2190, 2014 WL 1338690 (S.D. Tex. Apr. 2, 2014) (citation omitted) (granting transfer because the fact that records are stored electronically "does not negate the significance of having trial closer to … the physical documents and employee notebooks").

Bush's conclusory allegation that "everything of any importance almost always comes out of HDMA's substantial Ohio operations" and the "same is true of HDMA's business records and electronic records and electronic data, emails and records" focuses on transfer and does not even address where the relevant employment records are maintained and administered for a venue analysis. (ECF No. 25-2, PageID 208-09). Indeed, Bush has already agreed (in fact, asserted himself) that venue is *proper* in both Ohio *and* Alabama. A *transfer* analysis includes many discretionary variables for a court to consider, but it is difficult to imagine a court would ever find

10

venue *improper* in the location where an employer-defendant maintains and administers relevant physical employment records.

Because an employee with a long-standing, established relationship with HDMA in Alabama felt these alleged unlawful employment practices in the Northern District of Alabama, and the relevant employment records are maintained and administered in the Northern District of Alabama, venue is also established under the first and second prongs of § 2000e-5(f)(3).

## V. CONCLUSION

Congress did not create Title VII's venue provisions to make it harder for a plaintiff to establish venue in the place where his employment relationship exists for all practical purposes. A conclusion that venue is not proper in the judicial district where an employee works and felt the effects from an alleged failure to promote and where the employer maintains the physical records that relate to those decisions would produce illogical results and lead to potential abuse. Common sense dictates HDMA should expect Bush, if he has a valid employment claim against HDMA, to file his lawsuit in Alabama. Venue is proper in the Northern District of Alabama under prongs one, two and three of 42 U.S.C. § 2000e-5(f)(3). Further, as set forth in HDMA's initial motion, because the private-interest and public-interest factors preponderate heavily in favor of this action proceeding in the Northern District of Alabama (ECF No. 17 at PageID 93-100), this Honorable Court should transfer this action to the United States District Court for the Northern District of Alabama.

/s/ *K. Bryance Metheny*
K. Bryance Metheny (*pro hac vice*)
Marcel L. Debruge (*pro hac vice*)
R. Scott Williams (*pro hac vice*)
BURR & FORMAN, LLP

*Trial Attorneys for Defendant
Honda Development & Manufacturing of America, LLC*

11

Angelique Paul Newcomb (0068094)
LITTLER MENDELSON, P.C.
41 South High Street, Suite 3250
Columbus, OH 43215
Telephone: 614.463.4246
Email:anewcomb@littler.com

*Co-Counsel for Defendant*
*Honda Development & Manufacturing of America, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 20th day of May 2025, the foregoing *Defendant's Supplemental Briefing in Support of Its Motion to Transfer Venue* has been filed via the Court's electronic filing system. Notice of filing will be performed by the Court's electronic filing system, and all Parties may access the document through the Court's electronic filing system.

/s/ *K. Bryance Metheny*
K. Bryance Metheny (*pro hac vice*)